```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DAVE BLANCHARD,

                          Plaintiff,
                                                        REPORT AND
                                                        RECOMMENDATION
            -against-                                   17-CV-6893 (JFB) (ARL)


OFFICER JOHN DOE SHIELD # 106 NASSAU
COUNTY OF NEW YORK, OFFICER JOHN DOES
 2-4 COMMISIONERS OF NASSAU COUNTY,
DR. BOBBY K. KALOTEE, RODNEY MCRAE,
ARIE WEISSMAN, KERIA BLUE, EDWARD P.
MANGANO, ZAHID SYED, MINSUM KIM,
HABEEB AHMED, REV. L. HEZEKIA ALLEN,
ANGELA DAVIS, WILLIAM C. MAHLAN, JR.,
IMMACULA OLIGARIO, SHARNJIT SINGH THIND
GEORGE THOMAS, KENNETH HEINO, VIVIAN
PEREIRA, AND SHIRLY SHING.

                          Defendants.
-------------------------------------------------------------------X
```

**LINDSAY, Magistrate Judge:**

*Pro* se plaintiff Dave Blanchard ("Plaintiff") commenced this action on November 27, 2017 against Defendants Nassau County of New York ("Nassau County"), and the Commissioners of Nassau County, Dr. Bobby K. Kalotee, Rodney McRae, Arie Weissman, Keria Blue, Edward P. Mangano, Zahid Syed, Minsum Kim, Habeeb Ahmed, Rev. L. Hezekia Allen, Angela Davis, William C. Mahlan, Jr., Immacula Oligario, Sharnjit Singh Thind, George Thomas, Kenneth Heino, Vivian Pereira, and Shirly Shing (collectively, the "Individual County Defendants" and, together with Nassau County, "Defendants").[1] Before the Court, on referral from District Judge Bianco, is Defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons set forth below, the Court

---

[1] Plaintiff also names Officer John Doe Shield # 106 and Officer John Does 2-4.

1

respectfully recommends that Defendants' motion be granted, without prejudice.

## BACKGROUND

The following facts are drawn from the Complaint and are accepted as true for purposes of the instant motion. *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993). These facts, however, do not constitute findings of fact by the Court. *See Colvin v. State University College at Farmingdale*, No. 13-CV-3595 (SJF)(ARL), 2014 U.S. Dist. LEXIS 85678, 2014 WL 2864224, at *1 n.1 (E.D.N.Y. June 19, 2014).

On the evening of December 3, 2015, Plaintiff was arrested at his place of employment. Compl. ¶ 11. According to Plaintiff, the arresting officers did not give "any reason, any cause, no warrant or consent." *Id*. Plaintiff was then placed in a patrol car and driven for one to two hours. *Id*. at ¶ 15. Next, Plaintiff was placed in a cell at a precinct for one and a half hours. *Id*. at ¶ 18. Plaintiff was then transported to a different precinct and placed in another cell where he remained for the remainder of the evening. *Id*. at ¶ 21. According to Plaintiff he spent the night "on a small dirty bench, without food, water, sleep and an open window exposed to the cold air outside the entire night." *Id*. Plaintiff further alleges that he was never formally charged but he was detained for 26 hours and released. *Id*. at ¶¶ 25, 26.

Plaintiff claims he was "traumatized, tortured, ridiculed and suffered a loss of standing in his community due to the unlawful arrest and incarceration by Defendants without cause." *Id*. at ¶ 31. According to Plaintiff, "[a]ll of the Defendants at all times related herein acted recklessly, wantonly, willfully, and maliciously and in concert with additional state officials showing a deliberate indifference towards plaintiff and plaintiff [sic] rights protected and guaranteed by the constitution with a direct intent and sole purpose of injuring" Plaintiff. *Id*. at ¶ 37.

Defendants move pursuant to Rule 12(b)(6) to dismiss the complaint for failure to state a claim. Defendants have submitted, along with their motion to dismiss, a warrant for the arrest of Dave M. Blanchard issued on November 10, 2015 by the Honorable Ellen R. Greenberg, Family Court of the State of New York, County of Nassau. *See* Declaration of James O. Larusso, Exhibit A. ECF No. 21. As discussed below, the Court may take judicial notice of the arrest warrant when considering this motion to dismiss. *See, infra,* Point A.1.

During a telephone conference with *pro se* Plaintiff and Defendants' counsel on May 7, 2018, the Court set a briefing schedule for Defendants' anticipated motion to dismiss. In accordance with the schedule, Defendants submitted their motion to dismiss on May 18, 2018. ECF No. 22. On June 14, 2018, Plaintiff submitted a motion to strike Defendants' motion to dismiss. ECF No. 24. Defendants filed a response to Plaintiff's motion to strike on June 22, 2018. ECF No. 25. On June 26, 2018, Plaintiff re-submitted his June 14, 2018 motion to strike Defendants' motion to dismiss. ECF No. 26. Then, on July 6, 2018, Plaintiff submitted a motion for summary judgment. ECF No. 27. By Order dated July 25, 2018, Judge Bianco directed that "to the extent Plaintiff intended his motions to strike and motion for summary judgment to serve as oppositions to Defendants' motion to dismiss, Plaintiff is not required to submit any further opposition. However, if Plaintiff wishes to submit a further opposition to Defendants' motion to dismiss (which the Court declines to strike), he must do so on or before August 13, 2018." ECF No. 29. Plaintiff did not file any additional opposition to Defendants' motion to dismiss. Defendants filed a reply in support of their motion to dismiss on August 27, 2018. ECF No. 31. By Order dated October 10, 2018, Judge Bianco referred Defendants' motion to dismiss to the undersigned for a Report and Recommendation. On November 7, 2018, Plaintiff filed a "Refusal of Court Order" requesting that Judge Bianco "rescind" the

3

order referring this motion to the undersigned. ECF No. 33.

## DISCUSSION

### A.     Standard of Review

#### 1.  Rule 12(b)(6)

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in which the court set forth a two-pronged approach to be utilized in analyzing a motion to dismiss. District courts are to first "identify [ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [d]efendant has acted unlawfully." *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) (internal citations omitted)).

Where, as here, the complaint was filed *pro se*, the court must construe the complaint liberally and interpret the complaint "to raise the strongest arguments they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). However, a *pro se* complaint must state a plausible claim for relief, *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and mere conclusions of law unsupported by factual averments need not be accepted, *Klos v. Bligh*, No. 13–CV–5449, 2014 WL 3778993, at *5 (E.D.N.Y. July 31, 2014). The court must liberally interpret the complaint of a pro se plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct.

4

594, 595 (1972); *Williams v. Smith*, 781 F.2d 319, 322 (2d Cir. 1986). Taking into consideration the plaintiff's lack of legal training, the court "holds the complaint to 'less stringent standards than formal pleadings drafted by lawyers.'" *Roberts v. Internal Revenue Service*, No. 06 Civ. 1518 (VM), 2006 WL 3873161, at *3 (S.D.N.Y. Dec. 28, 2006), quoting *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997). Nevertheless, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983) (citations omitted).

"The purpose of Rule 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits. The Rule thus assesses the legal feasibility of the complaint, but does not weigh the evidence that might be offered to support it." *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006). Thus, in adjudicating a motion under Rule 12(b), "a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated by reference, and to matters of which judicial notice may be taken." *Serdarevic v. Centex Homes, LLC,* 760 F. Supp. 2d 322, 328 (S.D.N.Y. 2010) (citation and internal quotation marks omitted); *see Chambers v. Time Warner*, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002). Judicial notice may be taken of public records, including "arraignments, arrest reports, criminal complaints and indictments, . . . certificates of disposition." *Harris v. Nassau County*, No. 13-CV-4728 (NGG) (ST), 2016 U.S. Dist. LEXIS 68136, 2016 WL 3023265, at *3 (E.D.N.Y. May 23, 2016) (collecting cases). Judicial notice may also be taken of arrest warrants. *See, e.g., Cole v. Bourke*, 13-CV-00104(JFB)(AKT), 2016 U.S. Dist. LEXIS 25536 (E.D.N.Y. Feb. 25, 2016); *Justice v. Kuhnapfel*, 13-CV-659 (MKB), 2014 U.S. Dist. LEXIS 73963, 2014 WL 2434139, at *3 (E.D.N.Y. May 29, 2014), *Smith v. City*

5

*of New York*, No. 13-CV-2395 (SJ)(RER), 2014 U.S. Dist. LEXIS 139267, 2014 WL 4904557, at *34 (E.D.N.Y. Sept. 30, 2014).

### B. Failure To State A Claim Upon Which Relief Can Be Granted

In the complaint, Plaintiff broadly asserts that his rights protected by the Fourth, Fifth,[2] Sixth or Seventh, Eighth, Ninth and Fourteenth Amendments to the Constitution have been violated. Compl. Introduction & Opening Statement. Specifically, he alleges that Nassau County "maintains a pattern and practice of depriving liberty and property" (First Cause of Action); Nassau County failed to properly train and supervise employees (Second Cause of Action); Nassau County is liable to Plaintiff because of its failure to disciple the state defendants for their actions (Third Cause of Action) and Nassau County employees deprived Plaintiff of liberty and freedom from unprovoked attacks, denial of effective counsel and medical treatment[3] and that Nassau County is liable under the doctrine of *respondeat superior* for the acts of its employees (Fourth Cause of Action). According to Plaintiff, these violations of his rights give rise to claims pursuant to Sections 1983, 1985, 1986 and 1988, 42 U.S.C. §§ 1983, 1985, 1986, 1988.

### 1. Section 1983

Pursuant to Section 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory of the District of Columbia, subjects, or

---

[2] To the extent Plaintiff asserts that his due process rights were violated under the Fifth Amendment, the Court respectfully reports and recommends that this claim be dismissed with prejudice because the Due Process Clause of the "Fifth Amendment only applies to actions by the Federal Government," *Castanza v. Town of Brookhaven,* 700 F. Supp. 2d 277, 288 (E.D.N.Y. 2010) (citing *Dusenbery v. United States*, 534 U.S. 161, 167, 122 S. Ct. 694, 151 L. Ed. 2d 597 (2002)), and Plaintiff has not named the United States government or any agency or employee thereof as a defendant in this matter. *See MacPherson v. Town of Southampton*, No. 07-CV-3497, 2013 U.S. Dist. LEXIS 162477, 2013 WL 6058202, at *16 (E.D.N.Y. Nov. 14, 2013) ("The Fifth Amendment governs the conduct of the federal government and federal employees, and does not regulate the activities of state officials or state actors.") (emphasis in original) (citations and internal quotation marks omitted).

[3] Other than in this charging paragraph Plaintiff makes no mention of denial of effective assistance of counsel or denial of medical treatment. Absent factual support for these assertions these claims have not been considered.

causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.  To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." *Rae v. County of Suffolk*, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (internal quotation marks and citation omitted); 42 U.S.C. § 1983.  Because "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred . . . [t]he first step in [analyzing] any claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citations omitted); *see Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) ("Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere").  Despite the recitation of a list of constitutional amendments purportedly violated by Defendants as support for his Section 1983, 1985, 1986 and 1988 lawsuit the crux of Plaintiff's claims are false arrest and imprisonment.

"Violations of the Fourth Amendment, such as claims of false arrest, false imprisonment and malicious prosecution, are deprivations of rights cognizable in a Section 1983 action." *Moore v. Newton*, 14 CV 6473 (MKB)(CLP), 2016 U.S. Dist. LEXIS 121839 (E.D.N.Y. Sept. 7, 2016). "A § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause . . . is substantially the same as a claim for false arrest under New York law." *See Weyant v. Okst*, 101

7

F.3d 845, 852 (2d Cir. 1996) (citation omitted); *Frederique v. County of Nassau*, 168 F. Supp. 3d 455, 476 (E.D.N.Y. 2016) (noting that the Fourth Amendment "prohibits unreasonable seizures in the form of arrests without probable cause" and that "[i]n analyzing a claim of false arrest under Section 1983, 'federal courts look to the law of the state in which the arrest occurred'") (citations and quotation omitted). The elements of false arrest in New York are: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. *See Curry v. City of Syracuse*, 316 F.3d 324, 335 (2d Cir. 2003).

The existence of probable cause is a "'complete defense to an action for false arrest.'" *Weyant*, 101 F.3d at 852 (quoting *Bernard v. United States,* 25 F.3d 98, 102 (2d Cir. 1994)); *see also Jenkins v. City of New York*, 478 F.3d 76, 84-85 (2d Cir. 2007)("[t]he existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest,' whether that action is brought under state law or under § 1983"). Generally, an arrest is founded on probable cause when an officer has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Id*.

Where an arrest is carried out pursuant to a warrant the existence of probable cause is presumed. *See Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991); *see also Southerland v. Garcia*, 483 F. App'x 606, 608 (2d Cir. 2012) (holding that an arresting officer cannot be held liable for false arrest when the arrest was made "pursuant to a facially valid warrant") (citing *Voyticky v. Village of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005) and *Brooks v. City of Aurora*, 653 F.3d 478, 483 n.5 (7th Cir. 2011)); *Walczyk v. Rio*, 496 F.3d 139, 155-56 (2d Cir. 2007) ("Ordinarily, an arrest or search pursuant to a warrant issued by a neutral

8

magistrate is presumed reasonable because such warrants may issue only upon a showing of probable cause").

In such circumstances, a plaintiff claiming the absence of probable cause to arrest "faces a heavy burden." *Golino*, 950 F.2d at 870. To prevail, the plaintiff "must make a 'substantial preliminary showing' that the affiant knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit and that the allegedly false statement was 'necessary to the finding of probable cause.'" *Id*. (quoting *Franks v. Delaware*, 438 U.S. 154, 155-56, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978)). In other words, the plaintiff must establish that the warrant was improperly procured.

Here, Defendants have attached an arrest warrant issued by the family court in Nassau County for the Plaintiff's arrest. It was pursuant to this warrant that Plaintiff was placed under arrest. Plaintiff has failed to make any showing demonstrating that the arrest warrant was based upon a knowingly false statement. Plaintiff's only response to Defendants' position regarding the warrant is his claim that the motion to dismiss should be stricken because "[p]ursuant to the 4th amendment clearly established law no warrants shall issue but upon Probable cause supported by oath or affirmation." Pl. Motion to Strike at 3. ECF No. 24. This assertion is insufficient to overcome the presumption in favor of probable cause. Accordingly, the undersigned respectfully recommends that Plaintiff's claim for false arrest (which forms the basis of each of Plaintiff's causes of action) must be dismissed.

a. **Nassau County**

Defendants argue that Plaintiff's claims against Nassau County fail under *Monell* and its progeny. Indeed, Plaintiff's claim against Nassau County fails because the complaint is devoid of any allegations that would support a cause of action against Nassau County. "It is well

9

established that a municipality or municipal entity cannot be held liable under Section 1983 on a respondeat superior theory."[4] *Mazzone v. Town of Southampton*, 283 F. Supp. 3d 38, 43 (E.D.N.Y. 2017). A municipal body may not be held liable under Section 1983 for the unconstitutional acts of its employees absent allegations that such acts are attributable to a municipal custom, policy or practice. *See Monell v. Dep't of Social Servs. of the City of N.Y.*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *Torres v. City of New York*, No. 13-CV-7091 (ARR)(RER), 2013 U.S. Dist. LEXIS 179260, 2013 WL 6835170, at *2 (E.D.N.Y. Dec. 18, 2013) ("a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right"). To establish the existence of a municipal policy or custom, a plaintiff must allege:

> (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge can be implied on the part of the policymaking officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to 'deliberate indifference' to the rights of those who come in contact with the municipal employees.

*Walker v. City of New York,* 63 F. Supp. 3d 301, 311 (E.D.N.Y. 2014) (citation and internal quotation marks omitted). In other words, "[u]nder Monell, a municipality may not be held liable under § 1983 simply for the isolated unconstitutional acts of its employees." *Curry v. City of Syracuse*, 316 F.3d 324, 330 (2d Cir. 2003). Moreover "a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy.'" *Gordon v. City of New York*, No 10-CV-5148 (CBA)(LB), 2012 U.S.

---

[4] Plaintiffs' Fourth Cause of Action must be dismissed on this basis alone as Plaintiff alleges that Nassau County is liable under the doctrine of *respondeat superior* for the acts of its employees. Compl. ¶¶ 42-43.

10

Dist LEXIS 44251 at *11, 2012 WL 1068023 (E.D.N.Y. Mar. 29 2012) (citing *Santiago v. Campisi*, 91 F. Supp. 2d 665, 676 (S.D.N.Y. 2000)).

Plaintiff here alleges that Nassau County "engaged in a pattern and practice of depriving liberty and property" and failed to "properly train and supervise its employees, especially its police officers with respect to individual rights." Compl. ¶¶ 39, 40. Plaintiff does not set forth any factual allegations supporting his claim that Nassau County engages in a pattern and practice of "depriving liberty and property." Indeed, the facts in this action suggest that Plaintiff himself was not deprived of liberty or property because he was arrested pursuant to a valid arrest warrant and therefore he has not suffered an injury resulting from a constitutional violation. *See Cox v. City of New York,* No. 13-CV-163, 2014 U.S. Dist. LEXIS 100552 at * 25, 2014 WL 3696003 (E.D.N.Y. July 23, 2014) (where plaintiff cannot establish search and seizure unlawful, plaintiff cannot establish liability for injury resulting from a constitutional violation and cannot establish municipal liability based on pattern and practice). With respect to a claim for failure to properly train, Plaintiff "must do more than show the need for training on this issue; they must show how a particular policymaker's specific choice with respect to the training deficiency at issue reflects 'deliberate indifference' to their constitutional rights, and how this indifference directly caused their injuries." *Ferreira v. Westchester County*, 917 F. Supp. 209, (S.D.N.Y. 1996); *see also Ahern v. City of Syracuse*, 411 F. Supp. 2d 132 (N.D.N.Y. 2006) (granting summary judgment because "plaintiff has again failed to allege more than a single incident and has failed to offer any evidence as to the purported inadequacies in the [Defendant's] supervision of its officers and the causal relationship between those inadequacies and the alleged constitutional violations").

In this case, Plaintiff has not alleged any link between the actions of the individuals responsible for his arrest and a policy or custom in place in Nassau County. Accordingly, the

11

Court also respectfully recommends that the case be dismissed against Nassau County on this basis as well.

### b. **Individual County Defendants**

Defendants argue that all claims against the Individual County Defendants must be dismissed because Plaintiff fails to allege personal involvement. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). Plaintiff purports to assert claims again the Individual County Defendants, each of whom are Commissioners of Nassau County. In the Complaint, Plaintiff alleges that "Defendant Commissioners is [sic] being sued as public officials duly elected or appointed to the office of Nassau County and was not intimately involved with any of the tortious acts committed by the Defendants. Compl. ¶ 6. However, Plaintiff, in his motion to strike, states that "Plaintiff has sued Defendants in his private capacity" and not in their official capacities.

Either way Plaintiff's claims against the Individual County Defendants fail. "The fact that the named county defendants are in a high position of authority is insufficient to impose liability on a defendant in his or her official capacity." *Alston v. Sebelius*, No. CV 13-4537 (SJF)(ARL), 2014 U.S. Dist. LEXIS 123613, 2014 WL 4374644, at *5 (E.D.N.Y. July 31, 2014). In addition, "the lack of any specific allegations in the amended complaint about [Individual Defendants] as well as the lack of any facts to show how each of the individual county defendants was personally involved in any of the actions or inactions that led to an alleged deprivation of a constitutional right, foreclose any relief against the defendants in their personal capacity." *Alston v. Sebelius*, No. CV 13-4537 (SJF)(ARL), 2014 U.S. Dist. LEXIS 123613,

12

2014 WL 4374644, at *5 (E.D.N.Y. July, 31, 2014) (citing *Volpe v. Nassau County*, 915 F. Supp. 2d 284, 299 (E.D.N.Y. 2013); *Terry v. New York City Dep't of Corr.*, No. 10 Civ. 6197, 2012 U.S. Dist. LEXIS 29744, 2012 WL 718555, at *2 (E.D.N.Y. Mar. 6, 2012).

Accordingly, the undersigned respectfully recommends that the Individual County Defendants' motion to dismiss Plaintiff's false arrest claim pursuant to Rule 12(b)(6) be granted.

### 2. Section 1985

Section 1985 provides that:

> If two or more persons in any State . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws . . . the person so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42. U.S.C. § 1985(3). To allege a violation, a plaintiff must claim: (1) a conspiracy; (2) for the purpose of depriving any person or class of persons equal protection of the laws; and (3) an act in furtherance of conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a U.S. citizen. *See Emmons v. City University of New York*, 715 F. Supp. 2d 394 (E.D.N.Y. Jun. 2 2010). "[A] §1985(3) violation must be motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's action." *Id*. at 416 (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S. Ct. 1790, 29 L. Ed. 2d 338 (1971)). "In other word, the intended victims must be victims not because of any malice the conspirators have toward them, but because of their membership in or affiliation with a particular class." *Id*.

Moreover, to survive a motion to dismiss, a plaintiff must set forth "specific factual allegations" regarding the conspiracy. *Vertical Broadcasting, Inc. V. Town of Southampton*, 84 F. Supp. 2d 379, 389-90 (E.D.N.Y. 2000). The plaintiff "must provide some factual basis

13

supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003). Plaintiff has not alleged any fact indicating that his arrest was motivated by some racial or other class-based discriminatory animus and therefore, the undersigned respectfully recommends that this claim be dismissed.

### 3. Section 1986

Plaintiff also purports to assert a claim pursuant to Section 1986. Section 1986 provides a cause of action for negligent failure to prevent a § 1985 conspiracy. Section 1985 liability is a necessary predicate to Section 1986 liability, and because Plaintiff has not established a Section 1985 conspiracy claim, Plaintiff's Section 1986 claim fails as well. *See Traylor v. Steward*, 486 F. App'x 948, 949 (2d Cir. 2012) ("Because his § 1985 claim fails, so too does his claim under 42 U.S.C. § 1986. ) (citing *Brown v. City of Oneonta*, 221 F.3d 329, 341 (2d Cir. 2000))); *White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226 (2d Cir. 2010) ("Insofar as [plaintiff] sought to state a claim under 42 U.S.C. § 1986, this claim necessarily failed because she failed to state a claim under § 1985." (citation omitted)); *Allen v. Cnty. of Nassau*, No. 09-CV-1520, 2013 U.S. Dist. LEXIS 179876, 2013 WL 6795732, at *3 (E.D.N.Y. Dec. 23, 2013) (dismissing § 1986 claim along with § 1985 claim because "[s]ection 1985 liability is a necessary predicate to a Section 1986 claim"). Plaintiff's § 1986 claim also fails because § 1986, like § 1985, requires "some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' action." *Reynolds*, 685 F.3d at 201-02.

Accordingly, the undersigned respectfully recommends that Plaintiff's claim pursuant to Section 1986 be dismissed.

### 4. Section 1988

14

Plaintiff also lists 42 U.S.C. § 1988 as a basis for his claims. Section 1988, however, does not provide an independent cause of action. *See Monell*, 436 U.S. at 701 n.66 ("42 U.S.C. § 1988 cannot be used to create a federal cause of action where § 1983 does not otherwise provide one"); *Weiss v. Violet Realty, Inc.*, 160 F. App'x 119, 120 (2d Cir. 2005) ("§1988 does not provide an independent cause of action"); *Hanley*, 2013 U.S. Dist. LEXIS 93696, 2013 WL 3364375, at * 8 (same). Inasmuch as Plaintiff has failed to allege any civil rights violation, Section 1988 is not applicable. Accordingly, the undersigned respectfully recommends that this claim be dismissed.

### C. Leave to Amend

Plaintiff has not sought leave to amend, however, leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). "This relaxed standard applies with particular force to pro se litigants." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999). "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v Davis*, 371 U.S. 178, 182 (1962); *see McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 200 (2d Cir. 2007) (holding "it is within the sound discretion of the district court to grant or deny leave to amend"). A "court should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted); *see Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (same). Nevertheless, "leave to amend, though liberally granted, may be properly denied for: undue delay, bad faith or dilatory motive on the part of the [plaintiff], repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Ruotolo v. City of N.Y.,* 514 F.3d

15

184, 191 (2d Cir. 2008) (internal quotation marks and citation omitted); *see Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) (holding that denial of leave to amend was proper where barriers to relief for pro se plaintiff "cannot be surmounted by reframing the complaint"); *see also Cuoco*, 222 F.3d at 112 ("a futile request to replead should be denied").

Here, the facts as presented strongly support the conclusion that this action is without any legal basis and that an amendment would be futile. Accordingly, the undersigned respectfully recommends that Plaintiff be denied the opportunity to file an amended complaint.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF, except in the case of a party proceeding *pro se*. *Pro se* Plaintiff Dave Blanchard must file his objections in writing with the Clerk of the Court within the prescribed time period noted above. Any requests for an extension of time for filing objections must be directed to Judge Bianco prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996). Counsel for Defendants is directed to serve a copy of this Order upon *pro se* Plaintiff forthwith and file proof of service on ECF.

Dated:  Central Islip, New York  
       February 11, 2019

SO ORDERED:

_____/s_____  
ARLENE R. LINDSAY  
United States Magistrate Judge