FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 12 2019 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

DAVID BLANCHARD,

                    Plaintiff,

         -against-

OFFICER JOHN DOE SHIELD #106 NASSAU
COUNTY OF NEW YORK, OFFICER JOHN
DOES 2-4 COMISSIONERS OF NASSAU
COUNTY, DR. BOBBY K. KALOTEE,
RODNEY MCRAE, ARIE WEISSMAN,
KERIA BLUE, EDWARD P. MANGANO,
ZAHID SYED, MINSUM KIM, HABEEB
AHMED, REV. L. HEZEKIA ALLEN,
ANGELA DAVIS, WILLIAM C. MAHLAN, JR.,
IMMACULA OLIGARIO, SHARNJIT SINGH
THIND, GEORGE THOMAS, KENNETH HEINO,
VIVIAN PEREIRA, AND SHIRLY SHING,

                    Defendants.

-------------------------------------------------------------X

ORDER
17-CV-6893 (JFB) (ARL)

JOSEPH F. BIANCO, District Judge:

On February 11, 2019 Magistrate Judge Lindsay issued a Report and Recommendation (the "R&R," ECF No. 34) recommending that the Court grant in its entirety the motion to dismiss plaintiff's second complaint filed by defendants (ECF No. 22), with prejudice. The R&R was served on plaintiff on February 13, 2019. (ECF No. 35.) The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (R&R 16.) The date for filing any objections has thus expired, and plaintiff has not filed any objection to the R&R. For the reasons set forth below, the Court adopts the thorough and well-reasoned R&R as

it relates to dismissal of the claims, but concludes that plaintiff should be afforded an opportunity to re-plead.[1]

Where there are no objections to a report and recommendation issued by a magistrate judge, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although no objections have been filed, and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution and HEREBY ADOPTS IN PART the well-reasoned and thorough R&R. In particular, the Court agrees that the defendants' motion to dismiss the complaint be granted in its entirety for the reasons set forth

---

[1] As a threshold matter, the Court denies plaintiff's motion to vacate the referral to the Magistrate Judge. The law allows the Court to refer motions to dismiss to the Magistrate Judge without the consent of the parties. *See* 28 U.S.C. § 636(b)(1)(A) and (B). Similarly, plaintiff's motion to strike defendants' motion has no basis in law and is denied. The Court has treated plaintiff's motion to strike and motion for summary judgment as his opposition to the motion to dismiss.

in the R&R. However, even though plaintiff has not filed any objections to the R&R and did not request leave to re-plead, the Court believes plaintiff, who is proceeding pro se, should be afforded leave to amend his complaint.[2] Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a). The Second Circuit has made clear that, under this liberal standard, that where plaintiff proceeds *pro se*, "the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal citations and quotation marks omitted); *accord Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013). The Second Circuit has further emphasized the importance of following this procedure in *pro se* civil rights cases. *See, e.g., Thompson v. Carter*, 284 F.3d 411, 419 (2d Cir. 2002) ("The liberal pleading standards applicable to *pro se* civil rights complaints in this circuit require[] that the district court give [plaintiff] an opportunity to flesh out his somewhat skeletal complaints before dismissing them."). Although Magistrate Judge Lindsay has identified numerous defects in the complaint as it relates to these claims, and it appears unlikely (based upon the allegations in the complaint and the existence of an arrest warrant) that plaintiff will be able to correct those defects and assert a plausible federal claim, the Court, in an abundance of caution, will give plaintiff one opportunity to re-plead, if he wishes, to attempt to correct the defects.

---

[2] The Court notes that, in the beginning of the R&R, it recommends that the defendants' motion be granted "without prejudice" (R&R, at 2), implying that leave to re-plead would be warranted. However, it is clear from the analysis contained in the R&R that this reference is a typographical error and that it is recommending that plaintiff not be given an opportunity to file an amended complaint. (R&R, at 15-16.) Thus, the Court construes the R&R as recommending dismissal with prejudice.

Accordingly,

IT IS HEREBY ORDERED that the motion to dismiss (ECF No. 34) is granted in its entirety, without prejudice.[3]

IT IS FURTHER ORDERED that plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint. Failure to do so will lead to dismissal of the claims with prejudice.

IT IS FURTHER ORDERED that defendants serve a copy of this Order on plaintiff.

SO ORDERED.

S/ JOSEPH F BIANCO
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated:  March 12, 2019
        Central Islip, NY

---

[3] Given the dismissal of the claims, to the extent plaintiff has moved for summary judgment, that motion is denied as moot.