UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
DAVE BLANCHARD,

                Plaintiff,

- against -

OFFICER JOHN DOE SHIELD #106,
NASSAU COUNTY OF NEW YORK,
OFFICER JOHN DOES 2–4,
COMMISSIONERS OF NASSAU COUNTY,
DR. BOBBY K. KALOTEE, RODNEY
MCRAE, ARIE WEISSMAN, KERIA BLUE,
EDWARD P. MANGANO, ZAHID SYED,
MINSUM KIM, HABEEB AHMED, REV. L.
HEZEKIA ALLEN, ANGELA DAVIS,
WILLIAM C. MAHLAN, JR., IMMACULA
OLIGARIO, SHARANJIT SINGH THIND,
GEORGE THOMAS, KENNETH HEINO,
VIVIAN PEREIRA, and SHIRLEY SHING,

                Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
17-CV-6893 (PKC) (JO)

PAMELA K. CHEN, United States District Judge:

    *Pro se* Plaintiff Dave Blanchard ("Plaintiff") filed the original complaint in this action on November 27, 2017, naming as Defendants Nassau County Of New York ("Nassau County"), four Officer John Does ("the Officer Defendants"), and the Commissioners of Nassau County, Dr. Bobby K. Kalotee, Rodney McRae, Arie Weissman, Keria Blue, Edward P. Mangano, Zahid Syed, Minsum Kim, Habeeb Ahmed, Rev. L. Hezekia Allen, Angela Davis, William C. Mahlan, Jr., Immacula Oligario, Sharanjit Singh Thind, George Thomas, Kenneth Heino, Vivian Pereira, and Shirley Shing (collectively, "the Commissioners of Nassau County" and, together with Nassau County and the Officer Defendants, "Defendants"). (*See generally* Complaint ("Compl."), Dkt. 1.) On May 18, 2018, Defendants filed a motion to dismiss the complaint for failure to state a claim. (Dkt. 22.) The Honorable Arlene R. Lindsay issued a Report and Recommendation

("R&R") on February 11, 2019, recommending that Defendants' motion to dismiss be granted in its entirety. (Lindsay R&R, Dkt. 34.) On April 4, 2019, the Honorable Joseph F. Bianco adopted Magistrate Judge Lindsay's R&R over Plaintiff's objections and dismissed the complaint without prejudice. (Bianco Order, Dkt. 39.) In lieu of entering judgment, however, Judge Bianco granted Plaintiff 30 days to file an amended complaint that resolved the flaws identified by Defendants' motion to dismiss and Magistrate Judge Lindsay's R&R. (*Id.* at 7.) On April 5, 2019, the case was reassigned to this Court. Before the Court is Plaintiff's motion to amend his complaint by adding a new Defendant, the Honorable Ellen R. Greenberg, a judge of the Nassau County Family Court. (*See* Motion to Amend, Dkt. 42; *see also* Proposed Amended Complaint ("Am. Compl."), Dkt 42-1.) Defendants oppose Plaintiff's motion to amend on the grounds that the Proposed Amended Complaint fails to state a claim on which relief may be granted. (*See* Defendant's Opposition, Dkt. 43.) Plaintiff responds that Judge Bianco's April 4, 2019 Order granted leave to file an amended complaint, and that he has done so by filing the Proposed Amended Complaint to assert additional claims and causes of action.[1] (*See* Plaintiff's Response, Dkt. 44, at ECF[2] 1.)

---

[1] While Judge Bianco granted Plaintiff 30 days to file an amended complaint "to correct those defects" identified in Magistrate Judge Lindsay's R&R (Bianco Order, Dkt. 39, at ECF 3), the Court has inherent authority to dismiss an amended complaint to the extent that it exceeds the scope of the permission to amend or fails to address deficiencies previously identified in the original complaint. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted."); *see also Thind v. HF Management Services, LLC*, No. 14-CV-9539 (LGS), 2017 WL 6311691, at *2 (S.D.N.Y. Dec. 8, 2017) ("The power to dismiss claims that exceed a leave to amend stems from the Court's inherent authority." (quotation omitted)); *Anwar v. Fairfield Greenwich Ltd.*, 286 F.R.D. 258, 260 (S.D.N.Y. 2012) (dismissing an amended complaint that "fail[ed] to address the deficiencies previously identified" by the court).

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

For the reasons that follow, Plaintiff's motion is denied and this action is dismissed.

## BACKGROUND[3]

In his original complaint, Plaintiff alleged a battery of claims against Defendants under 42 U.S.C. §§ 1983, 1985, 1986, and 1988. (Compl., Dkt. 1, at ECF 3 ¶ 1.) Each of these claims stems from Plaintiff's arrest on the evening of December 3, 2015 and his subsequent detention in various holding cells for the next 26 hours. (*Id.* at ECF 5–7 ¶¶ 7–25.) Judge Bianco dismissed each of Plaintiff's claims because, among other things, he was arrested pursuant to a valid arrest warrant signed by the Honorable Ellen R. Greenberg of the Nassau County Family Court. (Bianco Order, Dkt. 39, at 3–4; *see also* Arrest Warrant, Dkt. 21-1, at ECF 2.)

The Proposed Amended Complaint repleads the dismissed claims in substantially identical form. (*Compare* Compl., Dkt. 1, ECF 3–4, ¶¶ 7–44, *with* Am. Compl., Dkt. 42-1, at ECF 3–4, ¶¶18–52, 56.) It differs from the original complaint in only two meaningful respects: it drops Plaintiff's claims against the Commissioners of Nassau County and adds Judge Greenberg as a new Defendant. (*See* Am. Compl., Dkt. 42-1, at ECF 5.)

In the Proposed Amended Complaint, Plaintiff alleges that Judge Greenberg violated his constitutional rights by presiding over Plaintiff's case in Nassau County Family Court while having an alleged financial interest in the outcome of that case, solely by virtue of being a state court judge. (*Id.* at ECF 5–7.) Pursuant to 42 U.S.C. § 658a, the federal government provides incentive payments to state governments. The amount of these payments is determined by a formula that depends, in part, on the state's rate of collection on child support payments. *See* 42

---

[3] The Court assumes the parties' familiarity with the facts alleged in Plaintiff's original complaint and the analysis contained in Magistrate Judge Lindsay's R&R and Judge Bianco's Order adopting the R&R, and incorporates them herein. The Court recapitulates them here only as necessary for its analysis.

U.S.C. § 658a(b)(6)(C). Because Judge Greenberg's salary is paid by the New York state government, which receives these incentive payments, Plaintiff claims that Judge Greenberg had a financial interest in Plaintiff's child support enforcement proceedings that required her recusal under Canon 3 of the Model Code of Judicial Conduct and the federal statute governing judicial disqualification. (Am. Compl., Dkt. 42-1 ¶¶ 1, 9 (citing 28 U.S.C. § 455 ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."), and the Model Code of Judicial Conduct Canon 3 (Am. Bar Ass'n 2011) ("A judge shall conduct the judge's personal and extrajudicial activities to minimize the risk of conflict with the obligations of judicial office.").)

Based on this alleged financial interest in Plaintiff's state case, the complaint asserts that Judge Greenberg had no authority to approve an arrest warrant for Plaintiff. (*Id.* ¶ 12.) Accordingly, Plaintiff seeks an order from this Court granting $700,000 in compensatory and punitive damages, as well as an Order dismissing the child support order issued against him in Nassau County Family Court. (*Id.* at ECF 14.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its complaint once as a matter of course within 21 days after serving the complaint or within 21 days after a responsive pleading has been served. Fed. R. Civ. P. 15(a)(1). Where, as here, the time for amendment as a matter of course has passed, a party may amend its pleading with the opposing party's written consent or with leave of the Court. Fed. R. Civ. P. 15(a)(2). "The [C]ourt should freely give leave [to amend] when justice so requires." *Id*. Nevertheless, "it is within the sound discretion of the [Court] to grant or deny leave to amend." *Green v. Mattingly*, 585 F.3d 97, 104 (2d Cir. 2009) (quotation omitted).

4

Certain factors, "such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party[,] . . . [and] futility of amendment," may justify a district court's decision to deny leave to amend. *Williams v. Citigroup, Inc.*, 659 F.3d 208, 213–14 (2d Cir. 2011) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). As relevant here, the assessment of "futility" turns on whether a proposed pleading would be able to withstand a dispositive pre-trial motion. *See Lieb v. Korangy Publ'g, Inc.*, No. 15-CV-40 (AKT), 2016 WL 8711195, at *5 (E.D.N.Y. Sept. 30, 2016). Thus, an amendment is futile if it would fail to state a plausible claim for relief or if an affirmative defense, *e.g.*, the defendant's immunity, is apparent. *See Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001).

## DISCUSSION

### I. Claims Against the Officer Defendants and Nassau County

Judge Bianco and Magistrate Judge Lindsay determined that Plaintiff's core claim in this case is one of false arrest. (See Lindsay R&R, Dkt. 34, at 9 (recommending dismissal of Plaintiff's claim for false arrest and stating that the claim forms the basis of each of Plaintiff's causes of action); Bianco Order, Dkt. 39, at 3–4 (adopting the R&R's analysis).) Accordingly, though the Proposed Amended Complaint is not clear on this point, the Court construes Plaintiff's new allegation that Judge Greenberg lacked authority to issue an arrest warrant as additionally alleging that her supposed lack of authority deprived the Officer Defendants of probable cause to arrest Plaintiff. (*See* Am. Compl., Dkt. 42-1, at ECF 5–8, 13.)

Even if the arrest warrant were issued by Judge Greenberg without authority, however, this fact alone would not mean that the warrant was "invalid" for the purpose of Plaintiff's false arrest claims against the Officer Defendants. Rather, "invalidity in this context must mean that a reasonable police officer can look at the face of the warrant and see that it cannot be enforce[d]." *Johnson v. Darby*, 142 F. Supp. 3d 275, 279 (E.D.N.Y. 2015). Here, the arrest warrant, on its face,

5

contains all of the elements required by New York law. *See* N.Y. Crim. Proc. Law § 120.10(2) ("A warrant of arrest must be subscribed by the issuing judge and must state or contain (a) the name of the issuing court, and (b) the date of issuance of the warrant, and (c) the name or title of an offense charged in the underlying accusatory instrument, and (d) the name of the defendant to be arrested or, if such be unknown, any name or description by which he can be identified with reasonable certainty, and (e) the police officer or officers to whom the warrant is addressed, and (f) a direction that such officer arrest the defendant and bring him before the issuing court."). Nothing in the Proposed Amended Complaint plausibly alleges any fact that "should or could have tipped off [the Officer Defendants] that something was amiss with this warrant." *Johnson*, 142 F. Supp. 3d at 279. Accordingly, the Court finds that the allegations in the Proposed Amended Complaint fail to address the deficiencies in Plaintiff's false arrest claims identified by Magistrate Judge Lindsay's R&R, as directed by Judge Bianco's April 4, 2019 Order.[4] Thus, to the extent that they are intended to support Plaintiff's claims against the Officer Defendants, the proposed amendments would be futile. *See Williams*, 659 F.3d at 215–14.

Furthermore, to the extent that the Proposed Amended Complaint simply repleads, without further factual enhancement, Plaintiff's remaining claims against the Officer Defendants and Nassau County that were previously dismissed by Judge Bianco, it fails to address those claims' deficiencies as identified in Magistrate Judge Lindsay's Report and Recommendation. Allowing

---

[4] The Court notes that Plaintiff also states in a conclusory manner that the Officer Defendants should have known that "[P]laintiff cannot be imprisoned for any civil debt in a civil action." (*See* Am. Compl., Dkt. 42-1, at ECF 11 ¶ 45.) Because it cannot be disputed that Plaintiff could be arrest for failing to comply with a child support order, this assertion is without merit. *See* N.Y. Fam. Ct. Act § 453(d) ("The court may issue a warrant, directing that the respondent be arrested and brought before the court . . . ."); *see also Brock v. City of New York*, No. 19-CV-597 (BMC) (RML), 2019 WL 438356, at *1 (E.D.N.Y. Feb. 4, 2019) (involving a *pro se* plaintiff who had been arrested pursuant to an arrest warrant to enforce child support obligations).

6

Plaintiff to reassert claims that have already been dismissed once would be futile. *See Bolden v. McCabe, Weisberg & Conway, LLC*, No. 13-CV-1265 (DKC), 2014 WL 994066, at *2 (D. Md. Mar. 13, 2014) ("Plaintiff's proposed amended complaint suffers from the same infirmities as his original complaint, thus granting leave to amend would be futile."). Thus, the Court denies Plaintiff's motion to amend his complaint to re-assert his previously dismissed claims against the Officer Defendants and Nassau County because the Proposed Amended Complaint fails to address the deficiencies identified in Magistrate Judge Lindsay's R&R.

## II. Claims Against Judge Greenberg

With respect to Plaintiff's motion to amend the complaint to add Judge Greenberg as a Defendant, the Court finds that such an amendment would also be futile because, as with Plaintiff's claims against the Officer Defendants and Nassau County, the Proposed Amended Complaint fails to state a claim against Judge Greenberg on which relief may be granted. "It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities or within his or her jurisdiction." *Miller v. Cty. of Nassau*, 467 F. Supp. 2d 308, 312 (E.D.N.Y. 2006) (citing *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Judicial immunity is not defeated because the judge acted "in error" or "in excess of his authority," or "even when the judge is accused of acting maliciously and corruptly." *Gross v. Rell*, 585 F.3d 72, 84 (2d Cir. 2009) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978), and *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Rather, judicial immunity fails only when the judge has been found to have acted "in the clear absence of all jurisdiction." *Id.* (quoting *Stump*, 435 U.S. at 357). At best, the Proposed Amended Complaint can be read to allege that Judge Greenberg acted in excess of her authority based on an alleged conflict of interest. This allegation would not survive a motion to dismiss based on the judicial immunity doctrine, and so allowing Plaintiff to add Judge Greenberg as a Defendant would be futile. *See Best v. Schneider*, No. 12-CV-6142 (NGG) (MDG), 2016 WL

1593354, at *5 (E.D.N.Y. Mar. 30, 2016) (finding amendment would be futile where the allegations in a plaintiff's proposed amended complaint were "insufficient to overcome the bar of judicial immunity").

Furthermore, to the extent that Plaintiff's Proposed Amended Complaint might be construed to name Judge Greenberg in her official capacity, allowing such an amendment would be futile because she is immune from such a suit under the Eleventh Amendment to the United States Constitution. The Eleventh Amendment bars suits for damages against states, state agencies, and state officials acting in their official capacity, absent the state's consent to suit or an express or statutory waiver of immunity. *See Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). The Nassau County Family Court, as a constituent court of the New York State Unified Court System, is an "arm of the State" and protected from suit by Eleventh Amendment sovereign immunity. *See Bey v. New York*, No. 11-CV-3296 (JS) (WDW), 2012 WL 4370272, at *5 (E.D.N.Y. Sept. 21, 2012) ("The Nassau County Family Court is also immune from suit under the Eleventh Amendment because it is an arm of the State of New York."); *see also Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) ("[T]he New York State Unified Court System is unquestionably an 'arm of the State, and is entitled to Eleventh Amendment sovereign immunity.'" (citation omitted)). By extension, Judge Greenberg, a state official serving on the Nassau County Family Court, is also shielded from suit for any actions committed in her official capacity. *See Zahl v. Kosovsky*, No. 08-CV-8308 (LTS) (THK), 2011 WL 779784, at *7 (S.D.N.Y. Mar. 3, 2011) ("Official-capacity sovereign immunity extends to a state judge sued in her official capacity."). Because it is clear from the face of the Proposed Amended Complaint that Eleventh Amendment sovereign immunity would shield Judge Greenberg from liability in her official capacity for the acts alleged, granting Plaintiff leave to add her as a Defendant would be futile.

### III. Request for Relief in Nassau County Family Court

Finally, to the extent that Plaintiff seeks to amend his complaint to request that this Court dismiss the child support orders issued against him in Nassau County Family Court (*see* Am. Compl., Dkt. 42-1, at ECF 14), the Court would not have jurisdiction to do so. *Rooker-Feldman* doctrine prevents federal district courts from considering claims "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Accordingly, this Court cannot entertain the Proposed Amended Complaint's request that the child support proceedings against Plaintiff be dismissed. *See Remy v. N.Y. State Dept. of Taxation & Fin.*, 507 F. App'x 16, at 18 (2d Cir. 2013) (finding that *Rooker-Feldman* bars federal subject matter jurisdiction over state court child support orders). Thus, it would be futile to permit Plaintiff to file an amended complaint requesting such relief.

### CONCLUSION

For the reasons stated, Plaintiff's motion to file an amended complaint adding Judge Greenberg as a Defendant and seeking to invalidate state court child support orders is denied, and this action is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 22, 2019
      Brooklyn, New York